IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VERDUZCO, | No. 2:22-cv-0569-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. JAO., et. al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief, ECF No. 15.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

1  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
3  however, issue an order against individuals who are not parties to the action.  See Zenith Radio
4  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
5  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
6  prison renders the request for injunctive relief moot, unless there is some evidence of an
7  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
8  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam)

        Plaintiff asserts that on June 10, 2022, he acquired "…irrefutable evidence that CDCR staff at (CHCF) and (PBSP) criminally falsified investigation records…to deprive PL. [Plaintiff] equal protection of law and conceal unconstitutional/criminal sexual abuse of PL. by a CDCR psychologist." ECF No. 15, pg. 2. Plaintiff claims that the state and state agents at headquarters and at CHCF are retaliating against Plaintiff to silence him. See id.

        Plaintiff also states that on June 23, 2022, he filed a staff complaint asking to be interviewed by the Office of Internal Affairs to report the unconstitutional violations. See ECF No. 15, pg. 2. Plaintiff claims that the complaint was assigned as a health care appeal, which was subsequently rejected to retaliate against Plaintiff and chill his First Amendment rights. See id. Plaintiff then alleges that an unidentified employee falsified institutional records and changed the original staff complaint into one involving a disagreement with a nurse. See id. Plaintiff contends that that the employee falsified the records to deprive the Plaintiff of his constitutional rights. See id.

        Plaintiff states that he resubmitted the June 23, 2022, complaint on August 25, 2022, through legal mail. See ECF No. 15, pg. 2. Plaintiff also claims that he submitted an identical copy of the complaint on September 1, 2022. See id. Plaintiff alleges that the appeals office destroyed each article of legal mail and refused to reply to his requests inquiring about his complaint. See id. Plaintiff states that since August 31, 2022, his legal mail containing appeals have been destroyed on five separate occasions. See id., pg. 7.

///

Plaintiff states that he submitted a grievance against Warden R. Bell for unconstitutional corruption. See ECF No. 15, pg. 3. Plaintiff states that his grievance was rejected on August 12, 2022, to prevent an internal affairs investigation. See id. Plaintiff states that he submitted a grievance on September 6, 2022, disputing the rejection. See id. Plaintiff contends that his September 6, 2022, grievance was improperly rejected because "Warden R. Bell acted as the reviewing authority during a sham investigation into Warden R. Bell's own unconstitutional/criminal conduct and cleared himself." Id. Plaintiff contends that Warden R. Bell "…could not achieve this criminal feat to deprive PL. of constitutional rights without a coordinated effort with other state agents." Id.

Plaintiff also states that "(CDCR) Secretary Jeff Macomber and Attorney General Rob Bonta have absolute knowledge via a multitude of e-mail's from PL.'s primary next of kin, [and] had Macomber or Bonta taken action it would have been impossible for Warden R. Bell to commit unconstitutional violations that occurred on January 28, 2023." See ECF No. 15, pg. 3.

Plaintiff claims that he filed a health care appeal stating that he is invisible and described in detail how he cut off his finger, snapped the bone, and told K. Sill, though that individual showed no concern. Plaintiff contends that his appeal was reviewed by nurse M. Lowe who determined it was not urgent and no injury assessment was performed. See ECF No. 15, pg. 4.

Plaintiff claims that on April 18, 2022, Sgt. J. Brunner endorsed self-mutilation when he told Plaintiff "I don't give a f#@k if you cut your fingers off," and "I don't give a f#@k if you cut your head off and mail it out." ECF No. 15, pg. 5. Plaintiff thereafter filed a grievance and states that he has not been provided the findings which will state "substantiated" or "unsubstantiated." See id. Plaintiff claims that CHCF is allowing sufficient time to pass to trigger expiration of the applicable one-year statute of limitations to impose employee discipline, in order to assure that Sgt. J. Brunner cannot be disciplined. See id. Plaintiff also claims that Sgt. Brunner asked guards to lie for him. See id. Plaintiff states that he submitted a grievance regarding the alleged lies, but it was destroyed. See id.

Plaintiff requests "injunctive relief to prevent continued retaliatory harm and

constitutional violations that cannot be reversed once committed but can be prevented if relief is granted and (CDCR) knows the court is watching." ECF No. 15, pg. 6.

The Court finds that preliminary injunctive relief is not appropriate in this case. Even construing Plaintiff's submissions liberally, Plaintiff fails to satisfy any of the elements justifying the extraordinary remedy of an injunction. Plaintiff's submissions make no showing satisfying what the Ninth Circuit has determined is the most important factor—likelihood of success on the merits. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Plaintiff states generally that the CHCF employees participated in a "blatant civil/criminal conspiracy…to deprive [him] of constitutional rights and conceal the deprivation of those rights…" by falsifying records, destroying his legal mail, and improperly denying his grievances. See ECF No. 15, pg. 3. Plaintiff's claims are conclusory and fail to set forth facts sufficient to connect the defendants in his complaint to the allegations set forth in his motion for injunctive relief.

Further, it is unclear from whom Plaintiff seeks injunctive relief. To the extent Plaintiff seeks injunctive relief against R. Bell, Secretary Jeff Macomber, Attorney General Rob Bonta, Sgt. J. Brunner, or the CHCF, these individuals are not listed as defendants in the current case and the Court cannot order them to comply with an injunction because lacks jurisdiction over them. Zenith Radio Corp., 395 U.S. at 112; James v. Scribner, No. CV 07–880–TUC–RCC, 2010 WL 3942844, at *2 (E.D. Ca. Oct. 4, 2010).

Lastly, Plaintiff has not established irreparable harm. Plaintiff states generally that the alleged retaliation violates his constitutional rights. See ECF No. 15, pg. 2. While deprivation of constitutional rights can qualify as irreparable harm, Plaintiff must show that the irreparable harm is likely, not just possible. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Plaintiff does not specify how the absence of an injunction would lead to any irreparable harm beyond possible deprivation of unspecified constitutional rights and/or the possible infliction of self-harm.

/ / /

/ / /

/ / /

///

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 15, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 22, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE