IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VERDUZCO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>B. JAO, et al.,<br><br>　　　　　　Defendants. | No.  2:22-CV-0569-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint.  See ECF No. 16.

　　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On May 14, 2024, the Court issued an order addressing the sufficiency of Plaintiff's first amended complaint.  See ECF No. 25.  The Court determined the first amended complaint stated the following cognizable claims: (1) Eighth Amendment claims against Defendants Tran and Jao in the first claim alleging deliberate indifference during suicide watch and Plaintiff's self-injury in August 2019; (2) Eighth Amendment claims against Defendants Areja, Mohammed, and Ojagwu in the second claim alleging deliberate indifference during suicide watch and Plaintiff's self-injury in October 2019; and (3) Eighth Amendment claim against Defendant Sill in the third claim alleging deliberate indifference to Plaintiff's self-injury in May 2020.  See id.  The Court also found: (1) Plaintiff has not stated cognizable Eighth Amendment claims against Defendants Ferrera or Rosenof in the third claim; (2) Plaintiff has not stated any cognizable claims arising under the First Amendment in the third or fourth claims; (3) Plaintiff cannot state a stand-alone claim against any defendant arising from handling of the inmate appeals and grievance process.  See id.

Plaintiff was provided an opportunity to file a second amended complaint addressing the defects identified in the Court's May 14, 2024, order.  See id.  Plaintiff was cautioned that, if no second amended complaint was filed within 30 days, the action would proceed on the cognizable claims previously identified and the Court would issue findings and recommendations for dismissal of all other claims and defendants.  See id.  To date, Plaintiff has not filed a second amended complaint.  By separate order, the Court directs service on Defendants Areja, Mohammed, Ojagwu, Tran, Jao, and Sill.  The Court herein recommends dismissal of all other claims and defendants.

/ / /

Based on the foregoing, the undersigned recommends as follows:

1. This action proceed as to the following claims and defendants:

    a. Eighth Amendment claims against Defendants Tran and Jao in the first claim alleging deliberate indifference during suicide watch and Plaintiff's self-injury in August 2019.

    b. Eighth Amendment claims against Defendants Areja, Mohammed, and Ojagwu in the second claim alleging deliberate indifference during suicide watch and Plaintiff's self-injury in October 2019.

    c. Eighth Amendment claim against Defendant Sill in the third claim alleging deliberate indifference to Plaintiff's self-injury in May 2020.

2. All other claims be dismissed for failure to state a claim upon which relief can be granted.

3. Defendants Ferrera, Rosenof, Recarey, Lowe, Prasad, Brunner, Martinez, Yang, Blumenthal, Jones, Purtie, and Singh be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 11, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE